# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

AARON M. GRAY,

                 Petitioner,           :       Case No. 2:24-cv-4016

    - vs -                                   District Judge Edmund A. Sargus, Jr.
                                              Magistrate Judge Michael R. Merz

MATTHEW J. LUTZ,

                                 :

          Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Aaron M. Gray brought this habeas corpus petition *pro se* under 28 US.C. § 2241.  The case was randomly assigned to District Judge Sargus upon filing and randomly referred to the undersigned pursuant to Amended General Order 22-05.  It is before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases.

The Petitioner avers that he is a pretrial detainee in Respondent's custody in lieu of posting a $50,000.00 cash bond.  He claims that his detention is unconstitutional because it occurred without a search warrant (Ground One), that Muskingum County has no jurisdiction to prosecute (Ground Two), that he is illegally incarcerated (Ground Three), and that he is detained without due process (Ground Four).

Because Petitioner has not yet been tried on the felony charges against him, it is evident he has not exhausted available state court remedies on his claims.  A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts.  28 U.S.C.

§ 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  The exhaustion requirement applies to pretrial petitions as well as petitions under § 2254.  *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484 (1973).

In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court.  *Mackey v. Koloski,* 413 F.2d 1019 (6th Cir. 1969);  *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970).  It also includes the remedy of a petition for post-conviction relief under Ohio Revised Code § 2953.21.  *Manning v. Alexander*, 912 F.2d 878 (6th Cir. 1990). Although Petitioner claims he has applied to the governing Ohio District Court of Appeals for relief on his various claims, he provides no documentation.  Ohio courts of appeals require a final appealable order from a trial court before they have jurisdiction to consider a case.

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed without prejudice for failure to exhaust available state court remedies.

October 4, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #