UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AARON M. GRAY,**

       **Petitioner,**

   v.

**STATE OF OHIO,**

       **Respondent.**

Case No. 2:24-cv-4016
Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

**OPINION AND ORDER**

This matter is before the Court on a Report and Recommendation issued by the Magistrate Judge. (ECF No. 4.) Plaintiff Aaron M. Gray filed an Objection to the Report and Recommendation. (ECF No. 12.) For the reasons stated in this Opinion and Order, the Court **OVERRULES** Plaintiff's Objection and **ADOPTS** and **AFFIRMS** the Report and Recommendation.

## I. Background

Plaintiff Aaron M. Gray filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his pretrial detention in lieu of a $50,000 cash bond pursuant to a criminal indictment for trespass and obstructing official business in the Muskingum County, Ohio Court of Common Pleas. (ECF No. 3.) His Muskingum County criminal case number is CR2024-0581. (*Id.* PageID 18.) He challenges his pretrial detention on grounds of an illegal search and seizure, lack of jurisdiction to prosecute, "illegal incarceration," and violation of due process. (*Id.* PageID 19–20.)

Based on the public docket for that case, a jury convicted Mr. Gray of the trespass count on November 5, 2024, and the prosecutor dismissed the obstruction count. *See* Judgment Entry, State v. Gray, CR2024-0581 (Muskingum Cnty. Ct. C.P. Nov. 5, 2024). The Common Pleas Court

sentenced Mr. Gray to 12 months in prison. *Id.* at Entry Filed (December 26, 2024). His expected release date was August 19, 2025. *Id.* at Notice of Calculation of Sentence (Jan. 14, 2025).

Mr. Gray appealed his state court conviction to the Ohio Fifth District Court of Appeals. *State v. Gray*, 2025 WL 1883004, at *1 (5th Dist. Ohio Ct. App. July 8, 2025). His counsel filed an *Anders* brief stating that counsel concluded there were no viable matters for appeal, and the Court of Appeals agreed upon an independent review. *Id.* at *2–3 (citing *Anders v. California*, 386 U.S. 738 (1967)). The Court of Appeals thus found the appeal to be frivolous and affirmed Mr. Gray's conviction and sentence. *Id.* at *5.

## II. Report and Recommendation and Objection

The Magistrate Judge issued the Report and Recommendation before Mr. Gray had been tried in his state court case. (ECF No. 4, PageID 24.) Accordingly, the Magistrate Judge concluded that Mr. Gray had failed to exhaust his state court remedies before filing his habeas petition. (*Id.* PageID 24–25.) The Magistrate Judge thus recommended that the Court dismiss Mr. Gray's petition without prejudice. (*Id.* PageID 25.)

Mr. Gray filed an Objection, reciting at length the Ohio statute for state post-conviction relief, Ohio Revised Code § 2953.21. (ECF No. 12, PageID 91–94.) He reasserts points raised in his petition, but he does not address the exhaustion of state court remedies basis of the Magistrate Judge's Report and Recommendation. (*Id.* PageID 94–97.)

## III. Analysis

A litigant who is the subject of an adverse report and recommendation from a magistrate judge is entitled to a *de novo* review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

2

Mr. Gray does not address the basis of the Magistrate Judge's Report and Recommendation. He recites the state court post-conviction relief statute, but that statute does not govern federal habeas corpus proceedings. Mr. Gray's failure to state a specific objection to the Report and Recommendation's reasoning is an independent basis to overrule his Objection. Additionally, the Magistrate Judge correctly concluded that, at the time of Mr. Gray's petition, he had not exhausted his state court remedies because his criminal case had not gone to trial. Accordingly, Mr. Gray is not eligible for habeas relief. *See* 28 U.S.C. § 2254(b) and (c) (explaining exhaustion requirements).

After Mr. Gray filed his petition and after the Magistrate Judge issued the Report and Recommendation, the state court jury convicted Mr. Gray of trespassing, and the state court sentenced him to 12 months in prison. The Ohio Court of Appeals also affirmed his conviction and sentence. The disposition of his criminal case has changed, and Mr. Gray's petition, which relates to his status as a pretrial detainee, is no longer current. Finally, it appears that Mr. Gray may have completed his twelve-month sentence and been released from prison, rendering the petition likely moot.

For these reasons, the Court **OVERRULES** Petitioner Aaron M. Gray's Objection (ECF No. 12) and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 4). Mr. Gray's Petition for Writ of Habeas Corpus (ECF No. 3) is **DISMISSED without prejudice**.

The Clerk is **DIRECTED** to enter judgment and close this case on the Court's docket.

**IT IS SO ORDERED.**

**10/17/2025**　　　　　　　　　　　　　　　　s/Edmund A. Sargus, Jr.
**DATE**　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**